SD:NJM
F. #2017R01755

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | APPLICATION FOR HISTORICAL CELL-SITE INFORMATION PER § 2703(d)<br><br>No. 18-MC-1409 |

APPLICATION OF THE UNITED STATES
FOR AN ORDER FOR HISTORICAL CELL-SITE INFORMATION
PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile US, Inc. ("T-Mobile"), a cellular service provider, located in Bellevue, Washington, to disclose certain records and other information pertaining to the cellular telephone assigned call number (516) 428-2544, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. T-Mobile is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile to disclose the items described in Part II of Attachment A, as

these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the delay and obstruction of mail that was slated for delivery on or around May 25, 2017. The investigation concerns possible violations of, inter alia, Title 18, United States Code, Section 1703.

5. On or about August 25, 2017, the United States Postal Service ("USPS") Office of the Inspector General ("OIG") received information in reference to undelivered mail found in mail tubs on a street corner in the vicinity of Rochdale Village in Queens, New York. Law enforcement agents recovered the tubs and found that they contained approximately 1,200 pieces of mail. One of the tubs contained mail from various routes in

2

Queens Village in Queens, New York, and the other three tubs appeared to contain mail from a route in Saint Albans in Queens, New York (the "Saint Albans Route").[1] Many of the pieces of mail were intended to be delivered to residents and businesses in Queens, New York.

6. The mail from the Saint Albans Route was to have been delivered on or about May 25, 2017.

7. USPS databases reflect that Naomi Mitchell was the letter carrier assigned to the Saint Albans Route on May 25, 2017, and that no other person assisted or substituted for her on that day.

8. Personnel files obtained from the USPS reflect that Naomi Mitchell used the telephone number (516) 428-2544 in or around January 2017 and again in or around August 2017.

## REQUEST FOR ORDER

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the manner in which the defendant committed the

---

[1] Each carrier receives tubs containing mail designated to the carrier's particular mail route upon reporting to work. Each tub displays a code unique to the route.

crime charged. Accordingly, the United States requests that T-Mobile be directed to produce all items described in Part II of Attachment A to the proposed Order.

Dated: Brooklyn, New York
      May 21, 2018

                                    RICHARD P. DONOGHUE
                                    United States Attorney
                                    Eastern District of New York

By:     _____
            Nicholas J. Moscow
            Assistant United States Attorney
            (718) 254-6212

SD:NJM
F.#2017R01755

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | No. 18-MC-1409 |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring T-Mobile US, Inc., an electronic communications service provider and/or a remote computing service located in Bellevue, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that T-Mobile US, Inc. shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

Dated: Brooklyn, New York
          May 21, 2018

                              s/Roanne L. Mann
                              HON. ROANNE L. MANN
                              Chief United States Magistrate Judge

# ATTACHMENT A

## I. The Account

The Order applies to records and information associated with the cellular telephone assigned call number (516) 428-2544 (the "Account").

## II. Records and Other Information to Be Disclosed

T-Mobile US, Inc. is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period May 19-26, 2017:

A. The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration IP address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.      All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by T-Mobile US, Inc., and my official title is _____. I am a custodian of records for T-Mobile US, Inc.. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of T-Mobile US, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b. such records were kept in the ordinary course of a regularly conducted business activity of T-Mobile US, Inc.; and

    c. such records were made by T-Mobile US, Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date                                                              Signature